UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JEROME PARKER**, <br><br> Plaintiff, <br><br> v. <br><br> **BRINE'S REFRIGERATION**, <br><br> Defendant. | Case No. 1:24-cv-03590 (TNM) |

### MEMORANDUM OPINION

Jerome Parker filed a charge of discrimination against his former employer with the Equal Employment Opportunity Commission. After he received a right to sue letter, he brought suit in a local court, proceeding *pro se*. His employer then removed the case here. It now moves to dismiss. Parker opposes that motion and simultaneously seeks remand. The Court will deny the motion to remand. It has federal question and diversity jurisdiction over the action. And it will grant the motion to dismiss. Parker's Complaint breached the Federal Rules of Civil Procedure. It also fails to state a claim for which relief can be granted.

### I.

Last October, *pro se* Plaintiff Jerome Parker filed a "charge of discrimination" against his former employer, Brine's Refrigeration, with the Equal Employment Opportunity Commission ("EEOC"). EEOC Charge, ECF No. 1-1, at 2. He brought charges of disability discrimination under the Americans With Disabilities Act, 42 U.S.C. § 12101 *et seq.*; race discrimination under Title VII, 42 U.S.C. § 2000e *et seq.*; and retaliation under both statutes. EEOC Charge at 2. The EEOC told Parker it would not proceed further with its investigation but informed him of his right to sue. Right to Sue Letter, ECF No. 1-2, at 2.

Parker then filed a cursory, handwritten Complaint in the Superior Court of the District of Columbia. Compl., ECF No. 1-3, at 4. He alleges he "was fired for wrongful termination" by his supervisor. *Id.* Parker claims his supervisor stated he was firing Parker "for stealing time," but that Parker "never got a write up about this." *Id.* He asserts his supervisor "had a personal judgment" against him and "looked down on" him. *Id.* While Parker had the opportunity to be assigned to a new supervisor, Parker's supervisor "stated he will not 'send his problem to someone else.'" *Id.* Parker insists his supervisor "became judgmental towards [him] about [his] disability" and kept asking him whether he was "going to have surgery." *Id.* The supervisor allegedly "broke the com[p]any policy" and "invaded [Parker's] privacy" by calling his landlord about him, which put Parker at risk of losing his apartment. *Id.* He sought damages of one million dollars. *Id.* at 8. Those allegations comprise essentially the entire single-paragraph Complaint.

Brine's timely filed a notice of removal here. Not. Removal, ECF No. 1. It noted removal was proper because this Court had both federal question and diversity jurisdiction over the case. *Id.* ¶ 7. Parker followed with a motion to remand, arguing that his "claim for $1,000,000 based on allegation[s] of wrongful termination involves complex legal and factual issu[es] including federal employment law, which are more appropriately adjudicated in superior court." Mot. Remand, ECF No. 9, at 3.

The same day, Brine's moved to dismiss the Complaint.[1] Mot. Dismiss, ECF No. 4. It argued that Parker's Complaint ignored the pleading rules and failed to state a claim for relief. *Id.* at 10–16. Parker opposed the motion, listing more examples of his supervisor's "disrespect" and "respectfully request[ing] that the court review the circumstances of [his] termination and

---

[1] Defendants alternatively moved for a more definite statement, but the Court opts to resolve the motion on dismissal grounds.

discrimination claim"; order that his supervisor "be terminated"; and grant him one million dollars in damages "or A Five year salary." Opp'n Br., ECF No. 12 at 3.

The motions to remand and dismiss are ripe for review.

## II.

Whether remand is necessary turns on whether the Court has subject matter jurisdiction over Parker's case. "When it appears that a district court lacks subject matter jurisdiction over a case that has been removed from a state court, the district court must remand the case." *Rep. of Venezuela v. Philip Morris Inc.*, 287 F.3d 192, 196 (D.C. Cir. 2002).

Federal subject matter jurisdiction is set forth generally at 28 U.S.C. §§ 1331 and 1332. Section 1331 confers jurisdiction over controversies presenting a "federal question." 28 U.S.C. § 1331. Section 1332 bestows diversity jurisdiction, opening the doors to federal court "where the amount in controversy exceeds the sum or value of $75,000," and is between, as relevant here, "citizens of different States." 28 U.S.C. § 1332(a).

If subject matter jurisdiction is present, the Court can evaluate whether the Complaint survives Defendant's motion to dismiss. To clear that hurdle, the Complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court "must construe the complaint in the light most favorable to the plaintiff and accept as true all reasonable factual inferences drawn from well-pleaded allegations." *Robinson v. Howard Univ., Inc.*, 335 F. Supp. 3d 13, 21 (D.D.C. 2018), *aff'd sub nom. Robinson v. Wutoh*, 788 F. App'x 738 (D.C. Cir. 2019).

Rule 41(b) of the Federal Rules of Civil Procedure also calls for dismissal if the plaintiff flouts the pleading rules. Fed. R. Civ. Pro. 41(b) ("If the plaintiff fails to . . . comply with these rules . . . a defendant may move to dismiss the action or any claim against it."); *Kuehl v. FDIC*, 8

3

F.3d 905, 908 (1st Cir. 1993) ("A district court has the power to dismiss a complaint when a plaintiff fails to comply with the Federal Rules of Civil Procedure.").

### III.

### A.

The Court starts with Parker's motion to remand. This motion will be denied. The Court has both federal question and diversity jurisdiction over Parker's Complaint.

First, federal question jurisdiction. The federal-question statute grants district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Most directly, a case arises under federal law when federal law creates the cause of action asserted." *Gunn v. Minton*, 568 U.S. 251, 257 (2013). Here, it appears that Parker brings discrimination claims under the ADA and Title VII. *See* EEOC Charge at 2; Compl. at 8; Mot. Remand at 3 (Parker acknowledging his Complaint presents "complex legal and factual issu[es] including federal employment law."). Because those statutes contain private rights of action, this suit arises under federal law.[2] 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e-5(f)(1).

In any event, the Court also has diversity jurisdiction. The diversity statue grants district courts "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000," and, as relevant here, "is between citizens of different states." 28 U.S.C. § 1332. Parker alleges damages of one million dollars, well above the statutory minimum. Compl. at 1; *see also Bronner v. Duggan*, 317 F. Supp. 3d 284, 288 (D.D.C. 2018) ("[T]he Court should find jurisdiction at this motion-to-dismiss stage of the proceedings even if it has serious

---

[2] As discussed below, the Court also construes the Complaint as bringing a common law cause of action for wrongful termination. *See infra* Part III.B. The Court has jurisdiction over this claim through the supplemental jurisdiction statute, 28 U.S.C. § 1367.

doubts as to the bases for establishing the amount-in-controversy."). And the parties are diverse; Parker is a citizen of Washington, D.C., and Brine's is a citizen of Michigan. Not. Remand ¶¶ 8–9. Because the Court has subject matter jurisdiction over this action, it will deny the motion to remand.[3]

**B.**

Turn now to the motion to dismiss. Parker's Complaint does not satisfy the pleading standards of the Federal Rules of Civil Procedure. It also fails to state a plausible claim for relief. So the Court will grant the motion. But the Court does so without prejudice.

First, the failure to satisfy pleading standards. Rule 8(a) mandates that a complaint "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). It also dictates that "[e]ach allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Considered in tandem, these rules "underscore the emphasis placed on clarity and brevity by the federal pleading rules." *Ciralsky v. CIA*, 355 F.3d 661, 669 (D.C. Cir. 2004) (cleaned up). These rules are not meant to be punitive or even exclusionary; they are meant "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). Rule 10(b) builds on these requirements by directing a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

---

[3] Although Brine's gestures towards an argument that Parker failed to exhaust his administrative remedies, the Court need not evaluate those claims before finding jurisdiction. *See* Mot. Dismiss at 8. A failure to exhaust under Title VII and the ADA is an affirmative defense, not a jurisdictional defect. *See Scott v. Dist. Hosp. Partners, L.P.*, 60 F. Supp. 3d 156, 161 (D.D.C. 2014), *aff'd*, 715 F. App'x 6 (D.C. Cir. 2018). Since the Court decides the motion to dismiss on alternative grounds, it need not ask whether Brine's met its burden of "providing that the plaintiff failed to exhaust administrative remedies by a preponderance of the evidence." *Id.*

Parker's Complaint fails these standards.  The single-paragraph grievance lacks the causes of action it pursues; the legal arguments undergirding those claims; or an explanation of how his garbled tale of a workplace squabble entitles him to a legal remedy under the antidiscrimination laws.  When a complaint "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments," it does not comply with the Federal Rules.  *Jiggetts v. District of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. District of Columbia*, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017); *see also Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (holding a complaint that "contain[ed] no listing of counts or causes of action" and was "unclear which law form[ed] the basis for each of plaintiffs' various claims" did not satisfy Rule 8).

To be sure, "a *pro se* litigant must of course be given fair and equal treatment," and *pro se* filings are held "to less stringent standards than formal pleadings drafted by lawyers."  *Dozier v. Ford Motor Co.*, 702 F.2d 1189, 1194 (D.C. Cir. 1983); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Still, even a *pro se* plaintiff "cannot generally be permitted to shift the burden of litigating his case to the courts."  *Dozier*, 702 F.3d at 1194; *see also Roman v. National Reconnaissance Off.*, 952 F. Supp. 2d 159, 163 (D.D.C. 2013) ("[A] *pro se* complaint must still meet the requirements of Fed. R. Civ. P. 8(a) to survive a Rule 12(b)(6) motion to dismiss.").

With the preceding discussion in mind, it scarcely need be said that the Complaint fails to state a claim upon which relief can be granted.  Presumably, Parker is building off his EEO charges and seeking to bring race discrimination claims under the ADA and Title VII.  Reading the Complaint generously, he also might be seeking to bring a common law wrongful termination allegation.  *See* Compl. at 8 (Parker selecting "Discrimination" and "Wrongful

Termination" for his "Nature of Suit" on the information sheet for his Complaint). But he does not plausibly allege any of these claims.

To sufficiently plead a cause of action for disability discrimination under the ADA, a plaintiff must allege "that [he] was disabled within the meaning of the ADA, [he] was qualified for the position at issue with or without a reasonable accommodation, and [he] suffered an adverse employment action because of [his] disability." *Walden v. Patient-Centered Outcomes Rsch. Inst.*, 177 F. Supp. 3d 336, 341 (D.D.C. 2016) (citing *Giles v. Transit Emp. Fed. Credit Union*, 794 F.3d 1, 5 (D.C. Cir. 2015)). But the only pertinent allegation in Parker's Complaint is that his supervisor "became judgmental towards [him] about [his] disability. Keep asking me am I going to have surgery." Compl. at 3.

He does not state the nature of his disability or allege that it substantially limited one of his major life activities, as required by the ADA. 42 U.S.C. § 12102(1). He does not explain the duties his job demanded, whether he was qualified to perform those functions with or without reasonable accommodation, and what such an accommodation could have been. Nor does Parker allege any facts to support an inference that he was terminated because of his disability, such as by pointing to a similarly situated coworker who was not terminated. Parker's "conclusory allegations of discrimination, without any supporting facts, stop short of the line between possibility and plausibility of entitlement to relief." *Massaquoi v. District of Columbia*, 81 F. Supp. 3d 44, 50 (D.D.C. 2015) (cleaned up). His ADA claim is simply too "threadbare" to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678.

The same goes for his claims under Title VII. To prevail on such a claim, a plaintiff must show that (1) he is a member of a protected class; (2) he suffered an adverse employment action; and (3) that action was due to his protected status. *Wiley v. Glassman*, 511 F.3d 151, 155 (D.C.

Cir. 2007). But Parker's Complaint does not even mention his race. It mentions that his supervisor "had a personal judgment" against Parker, but it does not say that this was linked to his race. Compl. at 3. Nor does the Complaint explain that Parker's termination was taken "because of" his race. 42 U.S.C.A. § 2000e-2(a)(1). Without any relevant allegations, the claim necessarily fails.

Finally, Parker has not brought a plausible claim for common law wrongful termination in violation of public policy. To make out such a claim, a plaintiff "must point to some identifiable policy that has been officially declared in a statute or municipal regulation, or in the Constitution, and a close fit between the policy and the conduct at issue in the allegedly wrongful termination." *Clay v. Howard Univ.*, 128 F. Supp. 3d 22, 27 (D.D.C. 2015) (cleaned up). Parker here has merely alleged that he was told he was fired for "stealing time" even though he "never got a write up about this." Compl. at 3. He has not put forth any allegations that this termination breached an established public policy. The claim accordingly must be dismissed.

The Court recognizes, though, that this is Parker's first attempt at drafting his Complaint. It will therefore dismiss the present Complaint without prejudice. *See Jiggetts*, 319 F.R.D. at 413–14 ("[D]ismissals *without* prejudice are the norm" for complaints that fail to satisfy the federal rules "absent exceptional circumstances, such as where a party fails or refuses to file an amended and simplified pleading or does not exercise good faith in purporting to do so."). Parker is free to seek to file an amended complaint, but he should be mindful to comply with the Federal Rules if he does so.

**IV.**

For all these reasons, Plaintiff's motion to remand will be denied, and Defendant's motion to dismiss will be granted. A separate Order will follow.

Dated: May 21, 2025                                             TREVOR N. McFADDEN, U.S.D.J.